UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **25-CR-20178-ALTMAN/LETT**

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

vs.

GUILLERMO LOPEZ CARRAZANA,
CHRISTIAN MENDOZA, and
MAX ALBERTO MERA ULLOA,

   Defendants.
_____/

FILED BY ___BM___ D.C.
Apr 17, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

*The Small Business Administration*

1.  The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.  As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Paycheck Protection Program*

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of business owners who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses, including sole proprietorships, for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

4. In order to obtain a PPP loan, a qualifying sole proprietorship submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the sole proprietorship (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483-C), the applicant (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the sole proprietorship was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

5. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest

and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll costs.

7. In 2021, "Second Draw" PPP loans became available to PPP applicants who used the full loan amount of their PPP funds on eligible expenses.

### The Defendants, Defendant Businesses, and Lenders

8. Lender 1 was a lender based in New York, and was an approved SBA lender of PPP Loans.

9. Lender 2 was a lender based in Georgia, and was an approved SBA lender of PPP loans.

10. Lender 3 was a lender based in Utah, and was an approved SBA lender of PPP loans.

11. Lender 4 was a lender based in New Jersey, and was an approved SBA lender of PPP loans.

12. G LUX LLC was a Florida Corporation that listed its principal place of business in Miami, Florida.

13. Global Tax and Accounting Group Corp. ("Global Tax") was a Florida Corporation that listed its principal place of business in Miami, Florida.

14. CM Logistic Systems LLC ("CM Logistics") was a Florida Corporation that listed its principal place of business in Miami, Florida.

15. Max Mera Corporation was a Florida Corporation that listed its principal place of business in Aventura, Florida.

16. **GUILLERMO LOPEZ CARRAZANA** was a resident of Miami-Dade County and owner of G LUX LLC.

17. **CHRISTIAN MENDOZA** was a resident of Miami-Dade County and owner of Global Tax and CM Logistics.

18. **MAX ALBERTO MERA ULLOA** was a resident of Miami-Dade County and controlled Max Mera Corporation.

19. Co-conspirator 1, a resident of Miami-Dade County, Florida, was a borrower of a PPP loan.

20. Co-conspirator 2, a resident of Miami-Dade County, Florida, was a borrower of a PPP loan.

21. Co-conspirator 3, a resident of Broward County, Florida, was a borrower of a PPP loan.

22. Co-conspirator 4, a resident of Miami-Dade County Florida, was a borrower of a PPP loan.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1. Paragraphs 1 through 22 of the General Allegations Section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around May 2020, and continuing through on or about March 2021, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants.

**GUILLERMO LOPEZ CARRAZANA,
CHRISTIAN MENDOZA, and
MAX ALBERTO MERA ULLOA,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, co-conspirators 1-4, and others known and unknown to the Grand Jury, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals, such as co-conspirators 1-4, for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendants' and co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. Beginning sometime in May 2020, **GUILLERMO LOPEZ CARRAZANA**, **CHRISTIAN MENDOZA**, and **MAX ALBERTO MERA ULLOA** submitted, and caused the submission of, false and fraudulent PPP loan applications, on behalf of themselves and corporate entities that they controlled, such as G LUX LLC, Global Tax, CM Logistics, and Max Mera Corporation. **LOPEZ CARRAZANA**, **MENDOZA**, and **MERA ULLOA**, in return for the payment of kickbacks, also submitted and caused the submission of false and fraudulent PPP loan applications for other borrowers, including co-conspirators 1-4. In some instances, **LOPEZ CARRAZANA** and **MENDOZA** submitted and caused the submission of both first draw and second draw PPP loan applications on behalf of themselves and co-conspirators.

5. In furtherance of the scheme, **GUILLERMO LOPEZ CARRAZANA**, **CHRISTIAN MENDOZA**, and **MAX ALBERTO MERA ULLOA** submitted, and caused the submission of, false and fraudulent information and documentation in support of PPP loan applications, including falsified Internal Revenue Service ("IRS") forms, false and fraudulent bank records, and other documents, that falsely and fraudulently represented the monthly payroll and the number of employees for the corporate entities they controlled.

6. In furtherance of the scheme, **GUILLERMO LOPEZ CARRAZANA**, **CHRISTIAN MENDOZA**, and **MAX ALBERTO MERA ULLOA** submitted, and caused the submission of, approximately 165 false and fraudulent PPP loan applications for their corporations and other borrowers' corporations, that totaled nearly $21,000,000.

7.     As a result of the false and fraudulent PPP loan applications submitted as part of this scheme, Lenders 1 through 4 approved PPP loans to entities belonging to the defendants and their co-conspirators and disbursed, via interstate wire transmission, over $6,500,000 in loan proceeds into bank accounts controlled by the defendants' and their co-conspirators.

8.     **GUILLERMO LOPEZ CARRAZANA, CHRISTIAN MENDOZA,** and **MAX ALBERTO MERA ULLOA**, and their co-conspirators, including co-conspirators 1-4, used the proceeds from the scheme to enrich themselves and others, and to further the scheme.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-10
## Wire Fraud
## (18 U.S.C. § 1343)

1.     Paragraphs 1 through 22 of the General Allegations Section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about the dates specified below, in Miami Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant(s), as indicated below, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendants and their accomplices to unjustly enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals, such as co-conspirators 1-4, for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendants' and co-conspirators' personal use, the use and benefit of others, and to further the scheme and artifice.

## THE SCHEME AND ARTIFICE

4. The allegations contained in paragraphs 4 through 8 of the Manner and Means Section of Count 1 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF WIRES

5. On or about the dates below, in the Southern District of Florida, and elsewhere, the defendant indicated below, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | DEFENDANT(s) | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|---|
| 2 | GUILLERMO LOPEZ CARRAZANA | May 11, 2020 | Electronic transmission from the Southern District of Florida to outside of the State of Florida of a PPP loan application to Lender 1 that falsely and fraudulently misrepresented the monthly payroll amount and number of employees of G LUX LLC. |
| 3 | GUILLERMO LOPEZ CARRAZANA and MAX ALBERTO MERA ULLOA | May 29, 2020 | Electronic Transmission from the Southern District of Florida to outside the State of Florida of a PPP loan application to Lender 3 that falsely and fraudulently misrepresented the monthly payroll amount and number of employees of a company owned by co-conspirator 1. |
| 4 | GUILLERMO LOPEZ CARRAZANA and MAX ALBERTO MERA ULLOA | June 2, 2020 | Electronic transmission from the Southern District of Florida to outside of the State of Florida of a PPP loan application to Lender 3 that falsely and fraudulently misrepresented the monthly payroll amount and number of employees of Max Mera Corporation. |
| 5 | GUILLERMO LOPEZ CARRAZANA and CHRISTIAN MENDOZA | June 15, 2020 | Electronic transmission from the Southern District of Florida to outside of the State of Florida of a PPP loan application to Lender 3 that falsely and fraudulently misrepresented the monthly payroll amount and number of employees of Global Tax. |
| 6 | GUILLERMO LOPEZ CARRAZANA and CHRISTIAN MENDOZA | June 28, 2020 | Electronic Transmission from the Southern District of Florida to outside the State of Florida of a PPP loan application to Lender 4 that falsely and fraudulently misrepresented the monthly payroll amount and number of employees of a company owned by co-conspirator 2. |

| COUNT | DEFENDANT(s) | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|---|
| 7 | GUILLERMO LOPEZ CARRAZANA and CHRISTIAN MENDOZA | July 16, 2020 | Electronic transmission from the Southern District of Florida to outside of the State of Florida of a PPP loan application to Lender 2 that falsely and fraudulently misrepresented the monthly payroll amount and number of employees of CM Logistics. |
| 8 | GUILLERMO LOPEZ CARRAZANA | July 28, 2020 | Electronic Transmission from the Southern District of Florida to outside the State of Florida of a PPP loan application to Lender 2 that falsely and fraudulently misrepresented the monthly payroll amount and number of employees of a company owned by co-conspirator 3. |
| 9 | GUILLERMO LOPEZ CARRAZANA and MAX ALBERTO MERA ULLOA | February 25, 2021 | Electronic Transmission from the Southern District of Florida to outside the State of Florida of a PPP loan application to Lender 4 that falsely and fraudulently misrepresented the monthly payroll amount and number of employees of a company owned by co-conspirator 4. |
| 10 | GUILLERMO LOPEZ CARRAZANA and CHRISTIAN MENDOZA | March 16, 2021 | Electronic transmission from the Southern District of Florida to outside of the State of Florida of a PPP loan application to Lender 3 that falsely and fraudulently misrepresented the monthly payroll amount and number of employees of Global Tax. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1.    The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **GUILLERMO LOPEZ CARRAZANA**, **CHRISTIAN MENDOZA**, and **MAX ALBERTO MERA ULLOA**, have an interest.

2.    Upon conviction of a violation of Title 18, United States Code, Section 1343, or a conspiracy to violate Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.    Upon conviction of a violation of Title 18, United States Code, Section 1343, or a conspiracy to violate Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 981(a)(1)(C) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

ROGER CRUZ
ASSISTANT UNITED STATES ATTORNEY

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-20178-ALTMAN/LETT

v.

GUILLERMO LOPEZ CARRAZANA,
CHRISTIAN MENDOZA, and
MAX ALBERTOMERA ULLOA       /

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [x] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:
1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take __14__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  [ ] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [x] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V  [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: AUSA _____ for:
Roger Cruz
Assistant United States Attorney
FL Bar No. 157917

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** GUILLERMO LOPEZ CARRAZANA

**Case No:** _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Section Code, Section 1349
* **Max. Term of Imprisonment: Twenty (20) Years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000 or twice the gross gain or gross loss**

Counts #2-10:

Wire Fraud

Title 18, United States Section Code, Section 1343
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: Three (3) Years**
* **Max. Fine: $250,000 or twice the gross gain or gross loss**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** CHRISTIAN MENDOZA

**Case No:** _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Section Code, Section 1349
* **Max. Term of Imprisonment: Twenty (20) Years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000 or twice the gross gain or gross loss**

Counts #5, 6, 7, and 10:

Wire Fraud

Title 18, United States Section Code, Section 1343
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: Three (3) Years**
* **Max. Fine: $250,000 or twice the gross gain or gross loss**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MAX ALBERTO MERA ULLOA

**Case No:** _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Section Code, Section 1349
* **Max. Term of Imprisonment: Twenty (20) Years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: Three (3) years**
* **Max. Fine: $250,000 *or* twice the gross gain or gross loss**

Counts #3, 4, and 9

Wire Fraud

Title 18, United States Section Code, Section 1343
* **Max. Term of Imprisonment: Twenty (20) years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: Three (3) Years**
* **Max. Fine: $250,000 or twice the gross gain or gross loss**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.